IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FRANCISCO J. SOLIS, PRO SE, <br> A.K.A. FRANCISCO X. SOLIS, <br> TDCJ-CID #586219 <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY A. KING, Sergeant, <br> NARCISO A. SANCHEZ, Lieutenant, and <br> MARK A. VARGAS, CO III, <br><br> Defendants. | 2:07-CV-0084 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff FRANCISCO J. SOLIS, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and was granted permission to proceed *in forma pauperis*.

On April 29, 2009, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and with prejudice until the *Heck* conditions have been met.

Plaintiff filed his Objections on May 15, 2009.

By his objections, plaintiff contends "the issue here in question, would be a violation of "policy" or "practice," and states that the defendants "received disciplinary" as a result of the incident. Plaintiff's contention is incorrect. The issue is not whether the defendants violated a TDCJ policy or whether they were disciplined for such a violation. The issue is whether they utilized excessive force in violation of the Eighth Amendment. The failure to follow TDCJ

regulation or policy, or even state law, is not, without more, a violation of plaintiff's constitutional rights. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff argues the "court can-not show that plaintiff resisted a direct order." The facts presented by plaintiff are, however, unusual. He has alleged a common prison scenario. Plaintiff says he was told to get on the wall and that the use of force was triggered when he turned toward the officers. As noted in the Report and Recommendation, that act constituted disobedience to a direct order and could be interpreted as an aggressive stance or movement, giving rise to a use of force. Further, plaintiff has entirely failed to be forthcoming concerning the disciplinary case he received as a result of the incident. Although he initially maintained he received no punishment in the disciplinary case he received based on that incident, he has admitted he lost 30 days of goodtime in that disciplinary case; and he has failed to provide the Court with the specific charge, despite being notified of this defect in the Report and Recommendation. Plaintiff has failed to show he has fulfilled the *Heck* conditions.

By his Objections, plaintiff also alleges, for the first time, that the defendants should have sprayed him in the chest from a distance of 6 feet, and that he is suffering a resulting neurological disorder requiring the medication Levothyroxin. To support his contention that the defendants should have sprayed him in the chest from a distance of 6 feet, plaintiff cites *Norris v. District of Columbia*, 614 F.Supp. 294, 301 (D.C.Cir. 1985). Plaintiff offers no allegation that the substance with which he was sprayed was identical in kind or in strength to that utilized in

*Norris*. Further, unlike *Norris*, plaintiff has alleged facts which show some use of force was reasonable and necessary. The use of chemical force during a take-down does not, in itself, "shock the conscience" such that, without more, it constitutes a use of excessive force. As the *Norris* court noted, "[a] recalcitrant inmate must be controlled, and, except in extreme instances, the Constitution does not dictate when a choice must be made between physical force as opposed to chemicals." *Id*. at 299. Further, "[d]iscretion must be exercised, often on hunch, in a short space of time. Danger to self, danger to the inmates, and the danger of losing control of a situation are ever present. . . . The due process clause does not prohibit reasonable responses to the problems of jail security or require administrative officials to adopt the least restrictive means of maintaining control of their facilities." *Id*. (citing *Block v. Rutherford*, 468 U.S. 576, 588 n.10, 104 S.Ct. 3227, 3234 n.10., 82 L.Ed.2d 4348 (1984)).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS HAVE BEEN MET.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.  The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

SIGNED AND ENTERED this 21st day of May, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE